[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Alexander Jones, a former Connecticut State Trooper, has brought this action against defendant Lester J. Forst, former Commissioner of the State Police, and defendant Sergeant John S. Wilks, a former investigator in the State Police Division of Internal Affairs. Plaintiff CT Page 115 claims that he was discharged from his employment in February 1988 by Commissioner Forst and that his discharge was based upon conclusions reached by Sergeant Wilks through an Internal Affairs Investigation. The plaintiff has alleged that he was discharged because of his race and that the Internal Affairs investigation was a pretext for such discharge.
After a court trial held on October 14th, 15th, and 16th, the court finds the following facts:
On October 17, 1987 a state trooper (Sergeant Longo) was injured during an off-duty altercation at Bopper's Cafe in Hartford. It was claimed that Sergeant Longo was assaulted and injured by Eric Matland, a bouncer at the cafe. An investigation of Matland's vehicle record was made by someone in the State Police Department and it was determined that his right to operate a motor vehicle was under suspension. In retaliation for the assault on Longo, plaintiff, along with Trooper Neville Brooks, decided to target Matland for an arrest for operating his motor vehicle while under suspension.
On October 20, 1987 Brooks, at the instigation of the plaintiff, established a surveillance of Bopper's Cafe. When Matland left the cafe, Brooks followed him through the streets of Hartford and kept in touch with the plaintiff by radio throughout the surveillance.
When Matland entered Interstate 84 westbound Trooper Brooks radioed the plaintiff. Plaintiff then stopped Matland with the intention of arresting him for operating his motor vehicle while under suspension. However, he discovered that Matland's right to operate was not under suspension, and he arrested him for speeding and using a radar detector device instead.
Matland filed a written complaint with the Connecticut State Police regarding the tactics used by the plaintiff and further denied that he was speeding or using a radar detector.
Upon the complaint of Matland, the plaintiff was ordered to file a written explanatory report regarding Matland's complaint. The plaintiff denied, in writing, any CT Page 116 knowledge of any surveillance or any plan to single out Matland for selective law enforcement action. As a result of the plaintiff's denial, the tape of the radio transmissions for the date of the incident was retrieved and it clearly showed that the plaintiff and Brooks were, in fact, participating in the activity complained of by Matland.
On November 6, 1987, the plaintiff was interviewed by defendant Wilks as part of an internal affairs investigation of the complaint. The plaintiff was represented by the union president at this interview. The plaintiff again lied and denied any knowledge of any surveillance or plan to single out Matland for selective law enforcement action.
On November 10, 1987, the plaintiff contacted the Internal Affairs office and asked if he could change his story. When he was again interviewed, he admitted his participation in the subject matter of Matland's complaint and he admitted that he had previously lied in his written explanation statement and at the November 6, 1987 hearing.
After the second interview, ew, the plaintiff was charged with conduct unbecoming an officer, namely using unacceptable tactics in securing a motor vehicle violation against Matland and falsifying a written and oral report to a superior and intentionally withholding material matter from written and verbal reports made to the Department or to a superior officer. This charge was the result of the plaintiff's lying in his written explanatory report and his subsequent lying at the internal affairs investigation interview.
Following the internal affairs investigation, the defendant Wilks submitted his report to the Labor Relations Division of the State Police. The plaintiff was given a hearing for purposes of determining appropriate discipline at which time he was represented by the State Police Union. Following the hearing, the plaintiff was sent a letter by Lieutenant Colonel John Mulligan notifying him that he was discharged from the State Police.
The plaintiff grieved his discharge pursuant to the union contract and the discharge was upheld by an CT Page 117 arbitrator. He did not appeal the arbitrator's decision.
The court finds that the plaintiff was discharged for two reasons.
a. Conduct unbecoming an officer, and
 b. falsifying written and oral report to a superior officer and intentionally withholding material matter from a written and verbal report made to the department or to a superior.
The plaintiff has failed to provide any evidence which would indicate that he was discharged because of his race.
Accordingly, judgment shall enter for the defendants.
Frances Allen State Judge Referee